# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT RICHARD CSECH,

    *Plaintiff*

vs.

KAREN GEDNEY, *et al.,*

    *Defendants*

3:13-cv-00328-RCJ-VPC

ORDER

    Plaintiff has submitted an application for a temporary restraining order and a motion for appointment of counsel (ECF No. 1-1 and 1-2). He has not, however, paid the filing fee or applied to proceed *in forma pauperis*. Neither has he submitted a civil rights complaint pursuant to 42 U.S.C. § 1983.

    The matter has not been properly commenced because the there has been no fee or pauper application filed nor has plaintiff submitted a proper initiating pleading. Under the Federal Rules of Civil Procedure an action is initiated by the filing of a complaint. Fed.R.Civ.P. 3. A motion for temporary restraining order is insufficient to commence the action.[1]

    Rule 65(b) provides that the Court may issue a temporary restraining order without notice to the adverse party only if:

    (A) specific facts in an affidavit or a verified complaint clearly show

---

[1] The Court takes notice of its own docket and notes that plaintiff has filed numerous actions and is well aware of the requirements for proceeding before this court. *See e.g.,* Csech v. Ignacio, 3:05-cv-449-ECR-RAM; Csech v. Babb, 3:09-cv-597-LRH-VPC; Csech v. Quinn, 3:13-cv-263-MMD-WGC; Csech v. Humphreys, 3:13-cv-343-RCJ-WGC. These are only some of plaintiff filings.

>  that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
>  (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed.R.Civ.P. 65(b).  Plaintiff has not met this standard and he has provided no notice to the adverse parties.

Additionally, the Court has examined the motion for temporary restraining order and finds that it does not raise issues that require immediate intervention.  Plaintiff complains that he was not examined by the defendant when he had an appointment with her.  Instead, she referred him to a psychologist and expressed irritation at his continual rocking motion during the appointment. The motion is not signed under penalty of perjury or verified in any fashion.

It does not appear from the papers presented that a dismissal without prejudice will materially affect a later analysis of any timeliness issue with regard to a promptly filed new action.  For the above reasons, this matter will be dismissed without prejudice.

**IT THEREFORE IS ORDERED** that this action shall be **DISMISSED** without prejudice to the filing of a new complaint and motion in a new action with a properly completed pauper application.

**IT FURTHER IS ORDERED** that any appeal of this decision would not be taken in good faith.

**IT FURTHER IS ORDERED** that the Clerk shall send petitioner two copies each of an application form to proceed *in forma pauperis* for incarcerated persons and a § 1983 civil rights complaint form, one copy of the instructions for each form, and a copy of the papers that he submitted in this action.

The Clerk of Court shall enter final judgment accordingly in favor of respondents and against petitioner, dismissing this action without prejudice.

DATED:   July 9, 2013

_____
ROBERT C. JONES
UNITED STATES CHIEF DISTRICT JUDGE

-2-